(120 App. Div. 590)

### PEOPLE ex rel. CORNMAN et al. v. BUTLER.

(Supreme Court, Appellate Division, Second Department. June 21, 1907.)

HEALTH—REGULATIONS—STATUTES—CONSTRUCTION—MEANING OF LANGUAGE.

Tenement House Law, Laws 1901, p. 905, c. 334, § 67, requires that every room in a tenement house shall have at least one window opening directly upon the street or upon a yard or court. Section 68 provides that the window area in each room shall be at least one-tenth of the floor area of the room. Section 71, as amended by Laws 1902, p. 931, c. 352, provides that alcove rooms must conform to all the requirements of the other rooms. *Held*, that an alcove room is a room with an alcove, and an alcove alone is not a separate room.

Appeal from Special Term, Kings County.

Mandamus by the people, on the relation of Charles Cornman and others, against Edmond J. Butler, as tenement house commissioner of the city of New York, to compel him to approve plans for a tenement house. From an order granting the writ, defendant appeals. Affirmed.

Argued before HIRSCHBERG, P. J., and WOODWARD, HOOKER, RICH, and GAYNOR, JJ.

Theodore Connoly (John P. O'Brien and Samuel J. Parmenter, on the brief), for appellant.

Robert H. Roy, for respondents.

GAYNOR, J. The learned judge below correctly decided this case. It is required by section 67 of the tenement house law (Laws 1901, p. 905, c. 334) that "every room" in a tenement house "shall have at least one window opening directly upon the street or upon a yard or court"; and by the next section that the "window area in each room" shall be at least one-tenth of the floor area of the room. And then section 71, as it was at first, provided in its entirety as follows:

"Alcoves.—In every tenement house hereafter erected where any room adjoins another room, and has eighty per centum or more of one entire side open to the other room, and there is no door between, it shall be considered

as part of the said room. Under other circumstances every alcove shall be deemed a separate room for all purposes within the meaning of this act."

But all of this section was dropped in 1902 (Laws 1902, p. 931, c. 352), and in its stead the following was substituted, viz.:

"Alcoves.—Alcove rooms must conform to all the requirements of other rooms."

The change thus made in the statute is this, viz.: By section 71 in its original form the requirement was that "every room" had to have at least one window, and the window area of each room had to be at least one-tenth of the floor area of the room; and in applying these requirements an "alcove" of a room had to be taken as a separate room, unless at least 80 per cent. of one side of it was open to the room it belonged to or was to be "considered as part of." In other words, if 80 per cent. of the side of such alcove was not thus open, such alcove had to have a window or windows, according to its floor area, as though a separate room, but if its side was thus open it did not have to have any window; its floor area went with the floor area of the room it belonged to, and if there were in the main room window area equal to one-tenth of the combined floor area of such room and its alcove, that sufficed. By the new section 71 all of this was done away with, and it was simply provided instead that "alcove rooms" should be under the same rule as all other rooms, i. e., an alcove room, i. e., a room with or having an alcove, was thereafter not to be treated as two rooms in any case, but as one room, just like all other rooms. An "alcove room" is a room with an alcove. An alcove is not an alcove room, but only part of it. That is the universally accepted meaning of the phrase. An "alcove room" is not the alcove of a room. The recess or alcove of a room is part of such room. But it is not necessary to depend on definition, for it is fully alleged in the moving papers and not denied that this is the meaning of the phrase.

The tenement house commissioner has ruled, however, that the phrase "alcove rooms" in the new section 71 means "alcoves," and not "alcove rooms"; or that an alcove is an "alcove room." Following this up, he has ruled as matter of fact that the building plans of this relator show an alcove to the parlor room; and he treats such alcove as a separate room, and because it is not on a street, yard or court, with a window opening thereon, he refuses to approve such plans. That the window area of the whole room, including the alleged alcove, is at least 10 per cent. of the area of the whole room, is not disputed, but he claims that the room must be deemed two separate rooms, the part he calls an alcove to be one room, and that the test of windows and window area must be applied to each separately. He is wrong in his ruling of fact as well as in his ruling of law. An inspection of the parlor on the plans shows no alcove there. But, it is argued, such parlor can be easily divided into a room and an alcove, or into two rooms, and used as such, by a tenant. Certainly, every room, if large enough, or long enough, can be divided into two rooms by curtains, a thin partition, or otherwise; but the commissioner may not treat it as two rooms for that reason. His business is not to make arbitrary rules, but to administer the law as it is.

It is not for the courts to follow the commissioner in substituting in the statute a meaning which it does not express for the one which it does, by interpolating the word "alcoves" for "alcove rooms." Nor, if it comes to that, can it be believed that the Legislature had the extraordinary intention of requiring that every alcove, however small or narrow, should be treated as a separate room, and required to be on a street, yard or court with a window thereon. This is quite incredible, and it is certainly not expressed by the words used. Rooms with recesses or alcoves are in use everywhere. That such recesses may no longer be built in our large cities except they be on streets, yards or courts, and with windows thereon, is not expressed by the statute. It is useless to say that was the legislative intention. No legislative intention may ever be found unless there be words expressing it. It cannot be left to inference.

If the new section 71 had been the original section, who would think of attributing to it the meaning which the commissioner has given it? And we have to interpret it now as we would have done then, i. e., nothing is enacted by it which its words do not express.

The final order should be affirmed.

Order affirmed, with $10 costs and disbursements. All concur: WOODWARD, J., in result.